IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCRETIA VELVET HENRY,<br><br>Plaintiff,<br><br>vs.<br><br>DENIS MCDONOUGH,<br>Secretary of Veterans Affairs, Pacific Islands Health Care System,<br><br>Defendant. | CIV. NO. 23-00430 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE BASED UPON PLAINTIFF'S FAILURE TO SERVE DEFENDANT |

**FINDINGS AND RECOMMENDATION TO DISMISS CASE
BASED UPON PLAINTIFF'S FAILURE TO SERVE DEFENDANT**

Before the Court is pro se Plaintiff Lucretia Velvet Henry's ("Plaintiff") *Response* and supplemental filings regarding this *Court's Order to Show Cause* why this case should not be dismissed based upon her failure to timely and properly serve the *Complaint*.  ECF Nos. 14, 16 & 24-31.  For the reasons set forth below, this Court **FINDS** that Plaintiff has failed to demonstrate timely and proper service and therefore **RECOMMENDS** this action be dismissed without prejudice.

## DISCUSSION

Plaintiff initiated this action by way of the *Complaint for Employment Discrimination* ("Complaint"), filed on October 23, 2023.  ECF No. 1.  The

*Complaint* names Denis McDonough, United States Secretary of Veteran Affairs ("Defendant"), as the sole defendant. *Id*. at PageID.3. Plaintiff does not specify whether her claims against the Defendant are brought as individual or official capacity claims. *Id*.

On November 7, 2023, the district court filed its *Order Denying Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs* and directed Plaintiff to file the requisite filing fee by December 7, 2023. ECF No. 5 at PageID.55. On December 6, 2023, Plaintiff timely paid the $405.00 filing fee. ECF No. 7.

On December 10, 2023 and December 11, 2023, Plaintiff filed duplicate motions requesting an extension of the deadline to serve the *Summons* and *Complaint* on the Defendant. ECF Nos. 8 & 10. On December 12, 2023, this Court denied the duplicate motions without prejudice. ECF No. 11. The deadline to serve had not expired and would not be expiring for another month and a half until January 21, 2024. *Id*. Plaintiff, however, failed to state how much time was being requested and given the length of time until January 21, 2024 and the lack of explanation for the extension, the Court denied the request. *Id*. Plaintiff was granted leave to "file another motion requesting an extension of time **before** the deadline to serve" and was directed to "indicate how long of an extension [was] being sought." *Id*. (emphasis in original). Based upon "a lack of service[,]" the

Court continued the Rule 16 Scheduling Conference from December 18, 2023 to February 22, 2024. ECF Nos. 12.

On December 14, 2023, Plaintiff filed another *Motion for Extension of Time to Serve Defendants [sic] and to Allow Them Time to Answer* ("Motion"). ECF No. 13. On December 18, 2023, the Court granted the *Motion* and extended the deadline for Plaintiff to serve Defendant to February 15, 2024. ECF No. 15. The Court's *Entering Order* stated as follows:

> Plaintiff is CAUTIONED that failure to timely and properly serve [Defendant] may result in sanctions to include possible dismissal of this action. "Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes." [*Local Rules of Practice for the United States District Court for the District of Hawaii* ("LR")]81.1(a). "Sanctions, including but not limited to . . . dismissal with prejudice, may be imposed for failure to comply with the Local Rules." *Id*.

*Id*. (emphasis in original).

Plaintiff failed to appear at the Scheduling Conference held on February 22, 2024. ECF No. 16. Defendant also did not appear, and the Court noted that Defendant may not have been properly served. *Id*. As the record failed to demonstrate service, the Court ordered "**Plaintiff to show cause why this case should not be dismissed based upon her failure to effect timely and proper service of the *Complaint* on [Defendant].**" *Id*. (emphasis in original). The Court then ordered Plaintiff to file a written response by March 15, 2024. *Id*. The Court cautioned Plaintiff that her "[f]ailure to file a timely response or one that fails to

3

demonstrate good cause will result in a recommendation to dismiss this action without prejudice." *Id*.

On March 15, 2024, Plaintiff filed her *Response* to the *Order to Show Cause* as well as, a motion requesting a continuance of the Scheduling Conference.  ECF Nos. 17 & 18.  On March 18, 2024, the Court granted Plaintiff's motion and continued the Scheduling Conference from April 24, 2024 to May 24, 2024.  ECF No. 19.

In her *Response*, Plaintiff claims she "timely served [the] summons and complaint packets to defendants [sic] on December 14, 2023" and provides documentation from UPS[1] and USPS[2] which she contends demonstrate service.  ECF No. 18 at PageID.94.  Plaintiff provides USPS parcel tracking numbers and website printouts for four (4) parcels which she claims were served upon various recipients.  *Id*.  Notably, however, Plaintiff does not identify the recipients for the USPS tracking numbers.  *Id*. at PageID.94-100.

Plaintiff also includes with her *Response* several UPS Parcel Shipping Order ("PSO") Forms which identify Plaintiff as the "sender" and the following as recipients:

  1) Office of General Counsel
     810 Vermont Avenue NW

---

[1] The Court presumes that "UPS" refers to the "United Parcel Service."
[2] Similarly, the Court presumes that "USPS" refers to the "United States Postal Service."

       Washington, DC 20420
       Tracking Number ending in 749814

2) United States Attorney
   Clare Connors
   425 Queen Street
   Honolulu, HI 96813-2903
   Tracking Number ending in 479033

3) Inspector General Michael J. Mis [sic]
   810 Vermont Avenue NW
   Washington DC 20420
   Tracking Number ending in 770078

4) Attorney Miles Miyamoto
   459 Patterson Road
   RM2A100C
   Honolulu, HI 96819
   Tracking Number ending in 814992

*Id*. at PageID.102-117.  Each of the foregoing UPS PSO Forms indicate a "ship date" indicating the parcels were sent on Wednesday, December 13, 2023.  *Id*.  The forms for recipients with Washington DC addresses (Office of General Counsel and Inspector General) reflect an "estimated delivery" date of Friday, December 15, 2023.  *Id*. at 102 & 106.  The forms for recipients with Honolulu, Hawaii addresses (United States Attorney Claire Connors and Attorney Miles Miyamoto) reflect an "estimated delivery" date of Thursday, December 14, 2023.  *Id*. at 104 & 108.  None of these UPS PSO Forms, however, indicate that the named recipients actually received their respective parcels, much less what documents these parcels

may have included.  While these parcels may have contained the *Summons* and *Complaint* in this case, the record is not clear.

At the Scheduling Conference held on May 24, 2024, Plaintiff appeared. ECF No. 21.  The Court permitted Plaintiff until June 7, 2024 to supplement her *Response* to the *Order to Show Cause*.  *Id*.  Thereafter, on May 31, 2024, Plaintiff requested an extension to June 21, 2024.  ECF No. 22.  On June 4, 2024, the Court granted Plaintiff's request.  ECF No. 23.

On June 21, 2024, Plaintiff filed several documents presumably to supplement her *Response* to the *Order to Show Cause*.  ECF Nos. 24-31.  These documents include the following:

| | | |
|---|---|---|
| *Exhibit A* | (1227 pages) | ECF No. 24; |
| *Exhibit B* | (159 pages) | ECF No. 25; |
| *Exhibit C* | (12 pages) | ECF No. 26; |
| *Exhibit D* | (147 pages) | ECF No. 27; |
| *Exhibit E* | (19 pages) | ECF No. 28; |
| *Exhibit F* | (25 pages) | ECF No. 29; |
| *Exhibit G* | (2 pages) | ECF No. 30; and |
| *[Proof of Service]* | (11 pages) | ECF No. 31. |

*Id*.  These exhibits -- *Exhibits A* through *G*, consisting of 1591 pages -- however, largely appear to be documents from the underlying administrative proceedings before the United States Equal Employment Opportunity Commission ("EEOC") and have no bearing upon whether Plaintiff timely and properly served Defendant in the instant case.  *Id*.  As such, the Court disregards *Exhibits A* through *G*.  *Id*.

6

The *[Proof of Service]* consists of 11 pages.  ECF No. 31.  This document consists of separate UPS PSO Forms which identify Plaintiff as the "sender" and the following recipients:

1) Office of General Counsel
   Richard J. Hipolit
   810 Vermont Ave NW
   Washington, DC 20420-0001
   Tracking Number ending in 495352

2) Office of General Counsel
   Richard J. Hipolit
   810 Vermont Ave NW
   Washington, DC 20420-0001
   Tracking Number ending in 494423

3) Claire [sic] Connors
   425 Queen Street
   Honolulu, HI 96813-2903
   Tracking Number ending in 499534

4) Claire [sic] Connors
   425 Queen Street
   Honolulu, HI 96813-2903
   Tracking Number ending in 493549

5) Honorable Michael J. Missal
   Inspector General Dep of Vet Af [sic]
   810 Vermont Ave NW
   Washington DC 20420-0001
   Tracking Number ending in 499862

*Id*.  Each of the foregoing UPS PSO Forms indicate a "ship date" of Friday, June 21, 2024 reflecting when they were sent.  *Id*.  The forms for recipients with Washington DC addresses (Richard Hipolit and Michael Missal) reflect an

7

"estimated delivery" date of Tuesday, June 25, 2024. *Id*. The form for recipient with a Honolulu, Hawaii (Claire Connors) address reflects and "estimated delivery" date of Saturday, June 22, 2024. *Id*. Similar to the information and documents provided in her *Response*, none of these UPS PSO Forms indicate that the named recipients actually received their respective parcels, much less what these parcels contained. Again, while these parcels may have contained the *Summons* and *Complaint* in this case, the record is not clear.

### A. Service by Mail on An Individual is Not Permitted by the Rules

Rule 4(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") sets forth the requirements for the service of a defendant with the summons and complaint if the defendant is being sued as an individual. The federal rules permit Plaintiff to serve such a defendant by following the requirements set forth by Hawaii state law:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made ...

Fed. R. Civ. P. 4(e)(1). The Court thus first examines whether Hawaii laws permit service by mail. Service under Hawaii law may only be made as follows:

> (1) Upon an individual other than an infant or an incompetent person,

8

> (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or
>
> (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Hawaii Rules of Civil Procedure ("Haw. R. Civ. P.") 4(d)(1). The Hawaii Rules of Civil Procedure do not permit service of a summons and complaint on a defendant by mail if the defendant is being sued as an individual.

In addition to permitting service pursuant to state law, the federal rules also list ways in which service of a summons and complaint on an individual may be made. Under the federal rules, service on an individual may be made by "doing any of the following:"

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

"The federal rules do not permit service by certified mail on an individual." *Au v. Republic State Mortg. Co.*, Civ. No. 11-00251 JMS-RLP, 2012 WL 628843, at *2 (D. Haw. Jan. 31, 2012), *report and recommendation adopted*, Civ. No. 11-

9

00251 JMS, 2012 WL 612364 (D. Haw. Feb. 24, 2012) (citing Fed. R. Civ. P. 4(e)(2)).  Accordingly, because service by mail on an individual is not permitted, if the Defendant is being sued in his individual capacity, Plaintiff failed to properly serve the *Summons* and *Complaint* on him.

### B. Service by Mail on a Defendant in Their Official Capacity is Not Permitted by the Rules

Fed. R. Civ. P. 4(i) provides the requirements for service of a defendant with the summons and complaint if a defendant is being sued in his/her official capacity.  Rule 4(i) states that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States **and** also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) (emphasis added). In other words, the federal rules require that in order to serve a defendant in his official capacity, Plaintiff must (1) serve the United States **and** (2) send a copy of the summons and *Complaint* by registered mail to the defendant.  *Id.*

Fed. R. Civ. P. 4(i)(1) requires that, "[t]o serve the United States, a party must[:]"

> **(A) (i)** deliver a copy of the summons and of the complaint to the **United States attorney for the district where the action is brought**-or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

10

> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the **Attorney General of the United States at Washington, D.C.**; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1) (emphasis added).  Based on the information and documentation submitted by Plaintiff in her *Response*, it does not appear that Plaintiff has complied with Fed. R. Civ. P. 4(i)(1)(A) and 4(i)(1)(B) if Defendant is being sued in his official capacity in this case.

It is clear that Plaintiff has not served either the United States Attorney for the District of Hawaii nor the Attorney General of the United States.  Clare Connors is the current United States Attorney for the District of Hawaii.  UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF HAWAII, https://www.justice.gov/usao-hi (last visited July 2, 2024).  Prior to becoming the United States Attorney for the District of Hawaii, Ms. Connors served as the Attorney General for the State of Hawaii from 2019 to 2022.  UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF HAWAII, https://www.justice.gov/usao-hi/pr/clare-e-connors-sworn-united-states-attorney (last visited July 2, 2024). While Plaintiff named "Claire [sic] Connors" and "United States Attorney Clare Connors" as recipients for parcels by which she contends she accomplished service by mail, the address she used – "425 Queen

11

Case 1:23-cv-00430-LEK-RT   Document 32   Filed 07/03/24   Page 12 of 15
                              PageID.1748


Street[,] Honolulu, [Hawaii]"— is the incorrect address for the United States Attorney for the District of Hawaii.  ECF No. 18 at PageID.113; ECF No. 31 at PageID.1731 & 1733.  Per the website for the United States Attorney's Office for the District of Hawaii, the mailing address is "300 Ala Moana Blvd., #6-100, Honolulu, [Hawaii] 96850[.]"  UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF HAWAII, https://www.justice.gov/usao-hi/contact-us (last visited July 2, 2024).  The address used by Plaintiff for Clare Connors – 425 Queen Street, Honolulu, Hawaii – however, is for the Department of the Attorney General for the State of Hawaii.  STATE OF HAWAII, DEPARTMENT OF THE ATTORNEY GENERAL, https://ag.hawaii.gov/contact-us/ (last visited July 2, 2024).  For this reason alone, even if Plaintiff did in fact send a copy of the *Summons* and *Complaint* to Clare Connors at "425 Queen Street", such service would be defective.  Accordingly, the Court finds that Plaintiff has failed to properly serve the summons and *Complaint* as required by the federal rules.

### C. Service of the *Summons* and *Complaint* is Untimely

The *Complaint* was filed on October 23, 2023.  ECF No. 1.  The federal rules set forth a 90-day deadline to serve the summons and *Complaint* on a defendant:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). In this case, the deadline to serve Defendant was January 22, 2024, which was extended to February 15, 2024 pursuant to Plaintiff's request. *See* ECF No. 15. On December 18, 2023, approximately one month prior to the deadline to serve, this Court cautioned Plaintiff that "failure to timely and properly serve [Defendant] may result in sanctions to include possible dismissal of this action." ECF No. 15. To date, over eight months have elapsed since the *Complaint* was filed on October 23, 2023; over five months since the January 22, 2024 deadline to serve expired; and over four months since the extended February 15, 2024 deadline to serve expired. *See* ECF No. 15. The record fails to demonstrate proper and timely service.

**D. Plaintiff Failed to Show Good Cause to Extend the Deadline to Serve**

Fed. R. Civ. P. 4(m) states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Courts consider "whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Ninth Circuit has held that "[a]t a minimum, 'good cause' means excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The Court considers the following factors in order to determine whether good cause or excusable neglect exists such that the deadline to serve should be extended: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would

13

suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (quoting *Boudette*, 923 F.2d at 756) (citation omitted).

In this case, the Court has already generously permitted Plaintiff multiple extensions of time for the purpose of effecting service and/or responding to the *Order to Show Cause*. ECF Nos. 11, 15, 16, 19, 21 & 23. Despite Plaintiff's efforts, however, the *Summons* and *Complaint* remains unserved.

In her *Response* and supplemental filings concerning the *Order to Show Cause*, Plaintiff fails to provide any explanation upon which this Court can find good cause to further extend the deadline to serve. While it appears that Plaintiff may have misunderstood the requirements of service under Fed. R. Civ. P. 4(m), "inadvertence or ignorance of the governing rule alone does not constitute good cause." *Katz v. United States*, Civ. No. 09-00042 HG-KSC, 2009 WL 3169120, at *3 (D. Haw. Sept. 28, 2009) (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)) (citations omitted). Accordingly, the Court cannot find good cause exists to extend the time for service.

In the Ninth Circuit, "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d at 512. Here, this Court recommends the case be dismissed and that the dismissal of this case be without prejudice.

## **CONCLUSION**

Based on the foregoing, the Court **FINDS** that Plaintiff has failed to demonstrate proper and timely service of the *Summons* and *Complaint* and therefore **RECOMMENDS** the district court:

1) **DISMISS** the *Complaint* without prejudice; and

2) Direct the Clerk's Office to **CLOSE** this case.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 3, 2024.



Rom A. Trader
United States Magistrate Judge

___

Civ. No. 23-00430 LEK-RT; *Lucretia Velvet Henry vs. Denis McDonough, Secretary of Veterans Affairs, Pacific Islands Health Care System*; Findings and Recommendation to Dismiss Case Based Upon Plaintiff's Failure to Serve Defendant